Eugene J. WINTERS, Relator,

v.

THE PRESIDING JUDGE OF THE CRIMINAL DISTRICT COURT NUMBER THREE OF TARRANT COUNTY, Respondent.

No. 74691.

Court of Criminal Appeals of Texas.

Oct. 22, 2003.

Eugene J. Winters, pro se.

Steven W. Conder, Assist. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

MEYERS, J., delivered the unanimous opinion of the Court.

Winters ("relator") pleaded guilty to aggravated sexual assault of a child under fourteen years of age and was sentenced to 20 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On February 1, 2002, relator filed a Motion for DNA Testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. On August 12, 2002, the convicting court ("respondent") denied relator's Motion for DNA Testing, including his request for counsel. Relator then filed an application for writ of mandamus, alleging that the trial judge erred in denying him counsel for the Chapter 64 proceeding. This Court remanded to determine whether relator requested counsel and, if so, why counsel was not appointed. Respondent answered, noting that relator did request counsel in his original Motion filed pursuant to Chapter 64. Respondent's answer gave three reasons for denying relator's Motion for DNA testing, as well as his request for counsel: (1) The victim was not medically examined until three weeks after the offense, (2) No biological evidence was collected during the medical exam, and (3) The relator's conduct in digitally penetrating the victim was not likely to leave bio-logical evidence. It is undisputed that relator proved his indigence in his original Motion. The issue before us is, when a defendant has met the test for appointment of counsel under Chapter 64 of the Texas Code of Criminal Procedure, whether the convicting court has discretion to deny appointment of counsel. We hold that, notwithstanding the improbability of obtaining relief, appointment of counsel is mandatory.

## Discussion

### Constitutional right to counsel

The United States Supreme Court has held that there is no federal constitutional right to an attorney during a post-conviction collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545–46 (1987); *In re Beasley*, 107 S.W.3d 696, 697 (Tex.App.—Austin 2003, *no pet. h.*). Nor is there such a right under the Texas Constitution. *In re Beasley*, 107 S.W.3d at 697 (citing *Ex parte Mines*, 26 S.W.3d 910, 913 (Tex.Crim.App.2000)). This Court recognizes that a mere legislative decision to provide counsel in a post-conviction proceeding does not "turn a legislative act of grace into a constitutional right." *Ex parte Graves*, 70 S.W.3d 103, 110 (Tex. Crim.App.2002); *see Morris v. State*, 110 S.W.3d 100, 103 (Tex.App.—Eastland 2003). A Chapter 64 proceeding is a collateral attack on the conviction and there is therefore no federal or state constitutional right to an attorney in such a case. *See Beasley*, 107 S.W.3d at 697–698; *see also Gray v. State*, 69 S.W.3d 835, 837 (Tex.App.—Waco 2002, *no pet.*). While that is true, the absence of a *constitutional* right to counsel does not preclude a *statutory* mandate from requiring counsel to be appointed.

## Statutory right to counsel

Article[1] 64.01(c) of the Texas Code of Criminal Procedure states that "[a] convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the trial court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person." TEX. CRIM. PRO.CODE ANN. art. 64.01(c) (Vernon Supp.2003). The Article says a person is *entitled* to counsel under that chapter. *Id.* Furthermore, it says the court *shall* appoint counsel for the defendant if the defendant informs the court he intends to file a motion under Chapter 64 and the court finds him indigent. *Id.* Per the literal reading of the statute, the defendant need not even ask to be appointed an attorney; the court must appoint an attorney if the two basic requirements of Article 64.01(c) are met.

■ Respondent admits that providing counsel in a Chapter 64 proceeding is required by the statute, but asserts that doing so would be a "useless act" due to the lack of evidence containing biological material available for testing. However, no wording in the statute gives a judge the discretion to deny appointment of an attorney merely because the judge concludes that doing so would be "useless." *See Id.* Appointment of counsel is mandatory if the convicted person does two things: proves he is indigent and informs the court that he wishes to file a motion under Chapter 64. *Neveu v. Culver,* 105 S.W.3d 641, 642 (Tex.Crim.App.2003). The statute does not require a person to make a prima facie case that he is entitled to DNA testing before the right to counsel attaches. *In re Rodriguez,* 77 S.W.3d at 461. If the rela-

tor requests counsel and proves indigence, the appointment of counsel is a "purely ministerial act." *Neveu,* 105 S.W.3d at 642.

## Mandamus Relief

■ Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law. *Neveu,* 105 S.W.3d at 642 (citing *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App. 2003)). Additionally, the relator must have a "clear right to the relief sought," meaning that the merits of the relief sought are "beyond dispute." *In re Rodriguez,* 77 S.W.3d at 461. The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion. *Id.*

As previously discussed, the court's duty to appoint counsel is a ministerial act if the requirements under 64.01(c) are met. *Neveu,* 105 S.W.3d at 642. Here, relator requested counsel and proved his indigence as required by Article 64.01(c). Thus, the first requirement for mandamus relief is fulfilled. Chapter 64 does not provide for an appeal regarding indigence or the appointment of counsel under Article 64.01(c). *Id.* at 643. The inability to appeal leaves relator with no adequate remedy at law. *Id.* at 642–43 (citing *Poe,* 98 S.W.3d at 198). Relator has therefore met the second requirement for mandamus relief. As to the court's duty being indisputably articulated, Article 64.01(c) clearly describes the duty which the court must perform. *See* TEX.CRIM. PRO.CODE ANN. art. 64.01(c) (Vernon Supp.2003). The statute

1. Unless otherwise noted, all future references to Articles refer to the Texas Code of Criminal Procedure.

says that a convicted person is *entitled* to counsel and that the court *shall* appoint counsel; it leaves no room for a judge's discretion. *See id.* Our Court recently issued a writ of mandamus in a case with virtually the same facts surrounding relator's case here. *See Neveu,* 105 S.W.3d 641 (relator sought writ of mandamus ordering respondent judge to appoint an attorney for relator's motion for DNA testing under Tex.Crim. Pro.Code. Ann. Art. 64.01(c)). All requirements for mandamus relief have been fulfilled.

## Conclusion

Because relator met the test for appointment of counsel and because all requirements for mandamus relief have been fulfilled, we conditionally grant relator's petition for writ of mandamus and direct respondent to: (1) vacate his August 12, 2002 order denying relator's motion for post-conviction DNA testing, (2) appoint counsel to represent relator in the Chapter 64 proceeding, and (3) reconsider relator's motion for post-conviction DNA testing after counsel has been appointed.[2]

---

**2.** We note that House Bill 1011, amending Chapter 64, became effective on September 1, 2003. HB 1011, 78th Leg., Reg. Sess. (Tex. 2003). The Bill changes Article 64.01(c) to read, in relevant part, as follows: "The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, *the court finds reasonable grounds for a motion to be filed,* and the court determines that the person is indigent." *Id.* (emphasis added). Had relator's motion been filed subsequent to September 1, 2003, the disposition of this case might have been different. However, HB 1011 mandates that a motion submitted before HB 1011 became effective is governed by the law in effect when the motion was made, and we therefore make our ruling based on the law in effect prior to HB 1011.