IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. AP-75,353





FELIX DELEON, Relator



v.



 DISTRICT CLERK, LYNN COUNTY, Respondent








ON APPLICATION FOR A WRIT OF MANDAMUS 






 Per curiam.


O P I N I O N



 

 Relator has filed a motion for leave to file a writ of mandamus. He alleges that he has
a final conviction for felony offenses in cases 99-2467 and 99-2469 of the 109th Judicial
District Court. He contends that he attempted to file an application for a writ of habeas
corpus with the district clerk in August 2005 and again in September 2005, but that each
time, his application was returned in the original, unopened envelope, marked as "refused." 

 The respondent, the District Clerk of Lynn County, advised this Court that
approximately three to four years ago the clerk's office stopped accepting inmate
correspondence that had not been inspected for the presence of anthrax. The district clerk
further advised she does not have relator's applications for a writ of habeas corpus. In his
application for leave to file a writ of mandamus, relator attaches a copy of the applications
for a writ of habeas corpus that he attempted to file.

 We grant relator's motion for leave to file, and furthermore, we conditionally grant
mandamus relief.

Right to File Documents with the District Clerk

 An applicant for habeas corpus relief has a constitutional right to access to courts as
well as a statutory right to file an application for writ of habeas corpus with the district clerk. 
Tex. Const., art. I, § 12; Tex. Code Crim. Proc., art. 11.07, § 3(b). Furthermore, only the
legislature has the right to suspend statutory laws. Tex. Const., art. I, § 28.

Mandamus Relief

 "Mandamus relief may be granted if the relator shows the following: (1) that the act
sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." 
Winters v. Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex.
Crim. App. 2003). "Additionally, the relator must have a 'clear right to the relief sought,'
meaning that the merits of the relief sought are 'beyond dispute.'" Id. at 775 (citing In re
Rodriguez, 77 S.W.3d 459, 461 (Tex. App.-Corpus Christi 2002). "The requirement of a
clear legal right necessitates that the law plainly describes the duty to be performed such that
there is no room for the exercise of discretion." Id.

 As previously discussed, the clerk has a duty to accept an application under Article
11.07. See Section 3(b). The duty is ministerial. Thus, the first requirement for mandamus
relief is fulfilled. There is no provision for an appeal concerning the clerk's refusal to
perform the ministerial duty to accept and file papers. "The inability to appeal leaves relator
with no adequate remedy at law." Winters, 118 S.W.3d at 775. Therefore, Relator has met
the second requirement for mandamus relief. All requirements for mandamus relief have
been fulfilled.

Conclusion

 Because all requirements for mandamus relief have been fulfilled, we conditionally
grant relator's application for writ of mandamus and direct respondent to accept his
application for writ of habeas corpus for filing. As is our custom, we will withhold issuance
of the writ and accord the district clerk an opportunity to conform her actions to this order. 
See State ex rel. Hill v. Pirtle, 887 S.W.2d 921, 932 (Tex. Crim. App. 1994). "Only if such
action is not taken will the writ of mandamus issue." Id.


Delivered: March 8, 2006

Publish