IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,179-03






ALLEN BRIDGERS, Relator-Movant



v.



THE HONORABLE CYNTHIA STEVENS KENT,


Judge, 114
th District Court of Smith County, Respondent








ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS


AND TWO MOTIONS FOR STAY OF PROCEEDINGS BELOW

FROM CAUSE NO. 114-81252-97-B IN THE 114TH JUDICIAL DISTRICT COURT

SMITH COUNTY





 Per Curiam. 


O R D E R



 This order concerns a motion for leave to file a petition for writ of mandamus, an
emergency motion to stay the proceedings below pending the disposition of the petition for
writ of mandamus, and a motion to stay the proceedings below to determine movant's right-to-counsel claim raised in those proceedings.

 In April 1998, a jury found movant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Bridgers v. State, No. AP-73,112 (Tex. Crim. App. Oct. 25, 2000) (not designated for publication). Movant filed his
initial post-conviction application for writ of habeas corpus in the convicting court on
December 29, 1999. This Court denied applicant relief. Ex parte Bridgers, No. WR-45,179-01 (Tex Crim. App. May 31, 2000)(not designated for publication). After receiving notice
that the federal process had been completed, the trial court set movant's execution date for
July 25, 2006. Movant's subsequent habeas application was received in this Court on July
18, 2006. Holding that the application met the dictates of Article 11.071, § 5, this Court
stayed movant's execution and remanded the case to the trial court to consider movant's
claims. Ex parte Bridgers, No. WR-45,179-02 (Tex. Crim. App. July 21, 2006)(not
designated for publication). The subsequent application remains pending in the trial court
and gives rise to the current motions.

 In his motion for leave to file a petition for writ of mandamus and in his two motions
to stay the proceedings below, movant claims that, while the trial court did appoint him an
attorney to represent him in the subsequent application, that attorney was not on the approved
list of attorneys qualified to represent applicants on Article 11.071 writs, which list is
maintained by the Court of Criminal Appeals. Therefore, he asserts that the trial court is
under a ministerial duty to release the currently appointed counsel and appoint counsel from
the approved list. 

 Article 11.071, § 2(a), states that, "[a]n applicant shall be represented by competent
counsel" on a writ. Article 11.071, § 2(d), provides that the Court of Criminal Appeals shall
adopt rules governing the appointment of counsel. However, reading all of the provisions
of Article 11.071, § 2, in context, the section discusses the appointment of counsel within a
certain period of time after conviction, indicating that the Legislature apparently intended the
appointment of counsel under rules set out by this Court only for the initial application filed
after conviction and sentence of death. 

 This interpretation is further supported by a reading of the remainder of the statute. 
An appointment under Article 11.071, § 2, is made before a writ application has been written
or filed and is made with the contemplation that a writ will be filed. In a subsequent
application, on the other hand, the trial court is typically only aware that counsel is working
on an applicant's behalf after an application is filed. Then, under Article 11.071, § 5, the
trial court only has authority to send that application directly to this Court. If this Court then
determines that the application meets the requirements of Article 11.071, § 5, the statute does
not say, as the Legislature could have provided, that the trial court should go back to the
section requiring the appointment of counsel. Instead, Article 11.071, § 6(b), states that,
should the trial court receive notice that the requirements of Article 11.071, § 5, have been
met, then a writ of habeas corpus shall issue by operation of law. This language indicates
that the next step in the process is the step that comes after the issuing of the writ - that is,
the filing of a State's answer to the writ application. Thus, the structure of Article 11.071
and the omission of any reference back to Section 2 suggest that movant is not entitled to the
appointment of counsel on a subsequent writ, much less counsel appointed from the Court's
approved list. (1) 

 Mandamus relief may be granted only if the movant shows (1) that the act sought to
be compelled is purely ministerial and (2) that there is no adequate remedy at law. Winters
v. Presiding Judge of Crim. Dist. Ct. Number Three of Tarrant County, 118 S.W.3d 773,
775-76 (Tex. Crim. App. 2003). Because the statute fails to require the appointment of
counsel on a subsequent writ application, the determination of whether to appoint counsel
was subject to the trial judge's discretion. Consequently, movant has not shown that the act
he seeks to compel is purely ministerial; therefore, motion for leave to file a petition for writ
of mandamus is denied. Because we deny his motion for leave to file, movant's motion to
stay the proceedings below pending the resolution of his mandamus action is rendered moot
and is therefore dismissed. Movant's motion to stay the proceedings below and for a
determination on his right to counsel claim pertains to the case currently on remand at the
court below. Thus, it does not relate to a case currently before this Court, and it is dismissed.

 IT IS SO ORDERED THIS THE 13th DAY OF NOVEMBER, 2006.

Do Not Publish 
1. Notwithstanding this, we note that the trial court has appointed and agreed to reasonably
compensate counsel who, in fact, has proven experience in several prior capital habeas matters.