IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. WR-66,224-01






JORGE LUIS RODRIGUEZ, Relator


v.


 JUDGE, 208TH JUDICIAL DISTRICT COURT, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS


CAUSE NO. 9417160-A IN THE 208TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.


O R D E R



 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that in March 2003, he filed an application for a writ of
habeas corpus in the 208th Judicial District Court of Harris County and that, after holding an
evidentiary hearing in March 2004, the trial judge recommended granting relief. Relator contends,
however, that the trial judge has not forwarded findings of fact to this Court. 

 We abated the present mandamus application and ordered the trial judge to file a response
with this Court. In a letter, the trial judge stated that she was inclined to recommend granting relief
based on the evidence presented at the evidentiary hearing. But, she explained, at the conclusion of
the hearing, the State and habeas counsel expressed a desire to prepare proposed findings of fact, and
as of December 4, 2006, she had not received the proposed findings from either party. She stated
that, as a result, she has not entered findings of fact. 

 In a mandamus application, we will grant relief if the relator is able to demonstrate that the
act sought to be compelled is ministerial and that the relator has no adequate remedy at law. Winters
v. Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003); State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). A trial judge has
no ministerial duty under Tex. Code Crim. Proc. art. 11.07 to enter findings of fact within a
specified period; the decision is within the trial judge's discretion. (1) Accordingly, we deny leave to
file the present application for a writ of mandamus.

 

Filed: January 24, 2007

Do not publish 








1. We hesitate to say what period is unreasonable. But in Relator's case, two years and
nine months (from March 2004 to December 2006) is, we believe, unreasonable, particularly in
light of the trial judge's proposed recommendation. We urge the trial judge to promptly enter
findings of fact and forward Relator's habeas application to this Court.