MEMORANDUM OPINION

 

No. 04-07-00049-CV

IN RE Theodore STREATER

Original Mandamus Proceeding (1)




PER CURIAM



Sitting: Alma L. López , Chief Justice

 Phylis J. Speedlin , Justice

 Steven C. Hilbig , Justice



Delivered and Filed: February 21, 2007



PETITION FOR WRIT OF MANDAMUS DENIED

 Relator Theodore Streater seeks a writ of mandamus compelling the trial court to issue a pre-trial writ of habeas corpus and
consider his motion for appointment of new counsel in the underlying criminal proceeding. A habeas corpus application
and a motion for the appointment of new counsel are attached to Streater's mandamus petition. On its own initiative, the
trial court provided the clerk of this court with proof of its refusal to issue a writ of habeas corpus and its denial of Streater's
motion for new counsel. See Tex. R. App. P. 52.4.

 "Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely
ministerial and (2) that there is no adequate remedy at law." Deleon v. District Clerk, 187 S.W.3d 473, 474 (Tex. Crim.
App. 2006) (quoting Winters v. Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003)). To satisfy the ministerial act requirement, a relator must show a clear right to the relief sought, meaning that the
merits are beyond dispute and nothing is left to the exercise of discretion or judgment. Id.; State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 (Tex. Crim. App. 2003). 

 We first address the trial court's refusal to issue a writ of habeas corpus. The Texas Code of Criminal Procedure provides
that "[t]he writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it [is]
manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." Tex.
Crim. Pro. Code Ann. art. 11.15 (Vernon 2005). Generally, habeas corpus is not available to challenge the sufficiency of an
indictment prior to trial, except under limited circumstances not applicable here. See Ex parte Weise, 55 S.W.3d 617, 620
(Tex. Crim. App. 2001); Ex parte Tamez, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001); Ex parte Matthews, 873 S.W.2d 40,
42 (Tex. Crim. App. 1994). Nevertheless, Streater's habeas corpus application challenges his indictment, asserting it was
procured "[b]y fraud, perjury, the suppression of exculpatory evidence and/or other conduct undertaken [in] bad faith." We
conclude the trial court could have determined from the face of this application that Streater was entitled to no relief at all. 
In the final analysis, Streater has failed to satisfy his mandamus burden. Streater has not shown that in his case the issuance
of habeas corpus relief is a purely ministerial act. Additionally, Streater has not alleged or shown that he has no adequate
remedy at law. 

 The trial court's action on Streater's motion for new counsel renders his related request for mandamus relief moot. 
Accordingly, we deny the petition for a writ of mandamus.

 PER CURIAM

1. This proceeding arises out of Cause No. 2005-CR-5076, styled The State of Texas v. Theodore Streater, pending in the
187th Judicial District Court, Bexar County, Texas, the Honorable Raymond C. Angelini presiding.