In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-353 CV


 ______________________


 

IN RE ROY ANTHONY FOLEY






Original Proceeding






MEMORANDUM OPINION 


 Roy Anthony Foley filed a petition for writ of mandamus in this Court. See Tex. R.
App. P. 52. The relator seeks to compel the District Clerk of Montgomery County and the
judge presiding in the convicting court to transmit a copy of his application for writ of habeas
corpus and related documents to the Court of Criminal Appeals. It appears the State filed its
initial indictment in Cause No. 02-05-03258-CR, and filed a subsequent indictment in Cause
No. 02-05-03563-CR. After the trial court denied the relator's pre-trial motion to quash the
indictment in Cause No. 02-05-03563-CR, Foley challenged the indictment in a pre-trial
application for writ of habeas corpus. It appears the trial court did not issue a writ of habeas
corpus or rule on the merits of Foley's application before trial in cause No. 02-05-03563-CR. 
We affirmed the judgment in an unpublished opinion. See Foley v. State, No. 09-03-097 CR,
2004 WL 1299984 (Tex. App.--Beaumont June 9, 2004, pet. ref'd). Apparently the trial
court dismissed the indictment in Cause No. 02-05-03258-CR. Foley claims he asked the
district clerk to forward his application for writ of habeas corpus to the Court of Criminal
Appeals on November 30, 2004. The Court of Criminal Appeals denied Foley's application
for writ of habeas corpus without a written order. See Ex parte Foley, WR-16599-07 (Tex.
Crim. App. Jan.11, 2006); see also Foley v. Quarterman, No. H-07-0384, 2007 WL 1256619
(Apr. 30, 2007) (dismissing federal habeas proceeding for failure to file within limitations
period as tolled by the filing of the proceeding in WR-16599-07). 

 To be entitled to mandamus relief, the relator must demonstrate that the respondents
violated a ministerial duty and that appeal would not be an adequate remedy. Deleon v.
District Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). As an
intermediate appellate court, our authority to issue a writ of mandamus extends only to
district and county judges in our district and to other parties only when necessary to enforce
our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004). The relator's petition
for writ of mandamus fails to establish that relief against the district clerk is necessary to
enforce our jurisdiction. See In re McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st
Dist.] 2001, orig. proceeding). Likewise, the relator's petition fails to establish that the trial
court violated a ministerial duty that could not be remedied on appeal. See Winters v.
Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003).

 Accordingly, we deny the relator's petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered August 2, 2007

Before McKeithen, C.J., Gaultney and Kreger, JJ.