# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00418-CR

### In re A. D. Bowman

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. 13,395-B=DNA #1, HONORABLE CURT F. STEIB, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A. D. Bowman is serving the forty-year sentence imposed following his 1983 conviction for aggravated sexual assault. In February 2006, the district court denied Bowman's pro se request for appointment of counsel and motion for forensic DNA testing. In its order, the court recited that after a two-year investigation, it had determined that no biological evidence collected during the investigation of the offense remained in the possession of the district attorney or police department. The order was affirmed by this Court. *In re Bowman*, No. 03-06-00183-CR, 2006 Tex. App. LEXIS 8902, at *4 (Tex. App.—Austin Oct. 6, 2006, pet. ref'd) (mem. op., not designated for publication).

On June 22, 2007, Bowman filed a second pro se request for appointment of counsel for DNA testing. The request for appointed counsel was denied by the district court on June 26, 2007, and Bowman gave notice of appeal. Bowman also filed a pro se brief to which the State did not respond.

Prior to September 1, 2003, appeals in chapter 64 proceedings were expressly limited to findings under articles 64.03 and 64.04. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006)); *see Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003) (holding there was no right to appeal trial court's failure to appoint counsel); *Fry v. State*, 112 S.W.3d 611, 613 (Tex. App.—Fort Worth 2003, pet. ref'd) (same).[1] As amended effective September 1, 2003, article 64.05 refers more generally to "[a]ppeals under this chapter." Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). At least one other court of appeals has determined that under article 64.05 as it now reads, an appeal lies from an order denying an article 64.01(c) request for appointed counsel. *James v. State*, 196 S.W.3d 847, 849 (Tex. App.—Texarkana 2006, no pet.); *see also Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd). We agree with this conclusion.

A convicted person seeking DNA testing is entitled to appointed counsel only if the trial court finds reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c) (West 2006). In its order denying Bowman's second request for appointment of

---

[1] The appointment of counsel was mandatory prior to the 2003 amendments. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01(c), 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (West 2006)). Because of this, and because there was no right to appeal the denial of counsel, mandamus was deemed the proper vehicle by which to obtain relief if a request for appointed counsel was denied. *Winters v. Presiding Judge*, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003). The procedural consequences of the 2003 amendments to article 64.01(c) and article 64.05 have not been addressed by the court of criminal appeals. *But see Winters*, 118 S.W.3d at 776 n.2; *see also In re Ludwig*, 162 S.W.3d 454 (Tex. App.—Waco 2005) (orig. proceeding) (holding that appointment of counsel under amended article 64.01(c) is not ministerial act subject to mandamus).

counsel, the trial court stated that Bowman had made no showing that would alter the court's previous determination that no biological evidence suitable for DNA testing now exists. Therefore, the court again concluded that there were no reasonable grounds for a testing motion to be filed.

In his pro se brief to this Court, Bowman contends that the trial court erred by relying on the findings it made following his first request for counsel. Bowman argues that his first request was defective and therefore dismissed because it did not state reasonable grounds for testing. He asserts that his second motion does state reasonable grounds, and that the trial court abused its discretion by refusing to appoint counsel.

The trial court denied Bowman's first request for appointed counsel on the basis of its factual determination that no testable material exists, not because of any defect in Bowman's original pleading. We find no error in the trial court's continued reliance on this factual determination in the absence of any showing that it is no longer accurate. And contrary to Bowman's argument, his second request for appointment of counsel does not state facts that would support a finding of reasonable grounds for testing. The motion states that biological evidence was collected at the time of the offense and that this evidence, "if located," could be tested. The motion does not, however, assert any fact supporting a finding that this biological evidence still exists and can be located. Points of error one and two are overruled.

In his third point of error, Bowman contends that the trial court erred by overruling his application for counsel without first obtaining a response from the State. *See id.* art. 64.02. Article 64.02 requires the State to respond to a testing motion, but it does not require the State to respond to a request for appointed counsel. Point of error three is overruled.

Finally, in a pro se supplemental brief, Bowman asserts that the State, by failing to file a brief in this Court, has confessed error.  *See Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi 2002, no pet.).  Whether or not this is true, our own independent examination of the merits of Bowman's claims reveals no reversible error.

The order overruling Bowman's second request for appointment of counsel is affirmed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   December 5, 2007

Do Not Publish