In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-10-00031-CV


____________________



IN RE JAMES ZARYCHTA, JR.






Original Proceeding






 MEMORANDUM OPINION


 On January 22, 2010, James Zarychta, Jr. filed a petition for writ of mandamus in
which he complains that the trial court failed to order an evidentiary hearing and to allow him
to inspect evidence. We deny mandamus relief.

 Zarychta alleges that he is seeking evidence for a subsequent writ of habeas corpus
based upon "actual innocence." See Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon
Supp. 2009) ("If a subsequent application for writ of habeas corpus is filed after final
disposition of an initial application challenging the same conviction, a court may not consider
the merits of or grant relief based on the subsequent application unless the application
contains sufficient specific facts establishing that: . . . (2) by a preponderance of the
evidence, but for a violation of the United States Constitution no rational juror could have
found the applicant guilty beyond a reasonable doubt."). A habeas applicant must make a
prima facie showing of innocence by a preponderance of the evidence to obtain a review of
the merits of a procedurally barred claim. Ex parte Brooks, 219 S.W.3d 396, 401 (Tex. Crim.
App. 2007).

 Mandamus relief may be granted when the relator shows that the act sought to be
compelled is purely ministerial and that there is no adequate remedy at law. Winters v.
Presiding Judge of Criminal Dist. Court No. Three of Tarrant County, 118 S.W.3d 773, 775
(Tex. Crim. App. 2003). In addition, to get mandamus relief, the relator must show that he
has a clear legal right to relief. Id. Mandamus relief in a post-conviction habeas proceeding
must be obtained from the Court of Criminal Appeals. In re McAfee, 53 S.W.3d 715, 718
(Tex. App-Houston [1st Dist.] 2001, orig. proceeding) (request for response on habeas
application); see also In re Newman, No. 14-08-00064-CV, 2008 WL 323762, *1 (Tex.
App.-Houston [14th Dist.] Feb. 7, 2008, orig. proceeding) (mem. op.) (request for discovery
and inspection of evidence); In re Green, No. 01-05-00056-CR, 2005 WL 375311, *1 (Tex.
App.-Houston [1st Dist.] Feb. 17, 2005, orig. proceeding) (mem. op.) (request for access to
evidence to prepare habeas petition). 

 Zarychta has neither shown that he has a clear and indisputable right to an evidentiary
hearing at this time, nor has Zarychta shown that he is presently entitled to mandamus relief
from this Court. Accordingly, we deny the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM


Opinion Delivered February 11, 2010

Before Gaultney, Kreger, and Horton, JJ.