

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00133-CV

_____

IN RE:
ZACHARY W. LAWSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Zachary W. Lawson has filed a petition for writ of mandamus in which he asks this Court to order the Fifth Judicial District Court of Cass County, Texas, to rule on his motion to dismiss forfeiture proceedings in trial court cause number 07C477. Lawson filed his motion to dismiss forfeiture proceeding on October 10, 2010,[1] claiming the State brought a lawsuit for the seizure of $1,623.00 in United States currency, seven swords and knives (collector decorations), a shotgun, a rifle, and a pistol on or about August 21, 2007, and has failed to prosecute that action. Lawson claims that his motion to dismiss was not ruled upon within a reasonable time.[2]

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing *Winters v. Presiding Judge of Criminal Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)). When a motion is properly filed and pending before a trial court, the act of considering and ruling on that motion is a ministerial act which may be compelled by mandamus. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). But the trial court has a reasonable time within which to perform its ministerial duty. *Safety-Kleen Corp. v.*

---

[1]Lawson indicates that he originally filed his motion to dismiss on August 31, 2010. A copy of this motion was attached to Lawson's petition, but is not file-marked. The clerk of the Cass County District Court, where the forfeiture action is pending, has confirmed that this motion was not filed.

[2]Lawson suggests that this Court rule on the merits of the forfeiture action. This Court does not have jurisdiction to determine the merits of the forfeiture action currently pending in the trial court.

*Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Lawson's motion has been pending for approximately two months.[3] We cannot say the trial court has unreasonably delayed in ruling on Lawson's motion, in light of the fact that the motion was pending over the Thanksgiving holiday. We, therefore, deny Lawson's petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:     December 13, 2010
Date Decided:       December 14, 2010

---

[3]Exhibit B to Lawson's petition is a copy of a notice of intent which advises the trial court of the pending motion to dismiss for want of prosecution and intent to file a petition for writ of mandamus to compel the trial court to act on said motion. Notwithstanding the incorrect salutation, the office of the Cass County District Clerk has confirmed said notice of intent was filed on November 12, 2010. Exhibit C to Lawson's petition is a copy of a letter to the Cass County District Clerk dated November 14, 2010, asking the clerk to present Lawson's motion to dismiss to the trial court for consideration. While the attached letter is not file-marked, the office of the Cass County District Clerk has confirmed said letter was filed on November 17, 2010.