

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,363

### EX PARTE MICHAEL WAYNE BOHANNAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER C-1-008898-0201732-J
### IN THE CRIMINAL DISTRICT COURT NUMBER ONE
### TARRANT COUNTY

KEASLER, J., filed a concurring opinion in which PRICE, HERVEY, and COCHRAN, JJ., joined.

### CONCURRING OPINION

I join the Court's opinion . The Applicant's claim is non-justiciable, and a dismissal

of the application is warranted. The non-justiciability determination, however, does not leave

similarly situated individuals without a remedy.

A releasee is entitled to a prompt preliminary hearing once the revocation process has

been initiated by the execution of a revocation warrant.[1] Due process, according to the

---

[1] *Morrissey v. Brewer*, 408 U.S. 471, 485-87 (1972); *Moody v. Daggett,* 429 U.S. 78, 86 n.7 (1976).

Supreme Court of the United States in *Morrissey v. Brewer*, requires that a preliminary hearing be held "as promptly as convenient" after a parolee has been arrested to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions."[2] Toward that end, the Supreme Court has established the following guidelines:

> [T]he parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, a person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence.[3]

The Supreme Court has not made any exceptions to this rule; therefore, the foregoing rule constitutes a ministerial duty. A prior probable cause determination by a magistrate issuing an arrest warrant or a grand jury cannot satisfy the explicit procedural due process requirements set out in *Morrissey*. Neither instance permits the releasee to respond to the allegations, present evidence, or confront his or her accuser (if requested and no good cause exists to deny this right). So although a final probable cause determination is the end result in all three instances, the means used to make that assessment are materially different in the

---

[2] 408 U.S. at 485; *see also Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007) (per curiam).

[3] *Morrissey*, 408 U.S. at 486-87.

preliminary hearing context. Thus, contrary to the assertion of the Texas Department of Criminal Justice (TDCJ), as amicus curiae, such a hearing is not duplicative of any other prior probable cause determination.

The failure to comply with *Morrissey* violates a releasee's constitutional rights, and our experience with this issue establishes that the Board, pursuant to the policies established by the TDCJ, Parole Division, has violated, and continues to flagrantly violate, clearly established constitutional law. Indeed, TDCJ has admitted as much: "there is no reasonable expectation that the TDCJ will discontinue its policy of not providing a preliminary hearing when a releasee is being held on pending criminal charges . . . ." This is patently unacceptable. And if it "reasonably expects" to continue this policy, it does so at its peril.

"Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law."[4] Because a claim challenging the Board's failure to provide a preliminary revocation hearing is non-justiciable, Article 11.07 does not provide an adequate remedy at law for a releasee to compel the Board to comply with its ministerial duty. But mandamus clearly does. And

---

[4] *Deleon v. Dist. Clerk*, 187 S.W.3d 473 (Tex. Crim. App. 2006) (quoting *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)); *see also Dickens v. Court of Appeals*, 727 S.W.2d 542, 545 (Tex. Crim. App. 1987) ("Under the Texas Constitution, this Court has been granted broad power to issue writs of mandamus: 'Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari.'") (quoting TEX. CONST. ART. V § 5).

in response to any future alleged violations on mandamus, as time is of the essence, it may be necessary and appropriate for TDCJ and the Board, through their legal representatives, to appear before us in person to answer any allegation that *Morrissey*'s mandate is being disobeyed.

With these comments, I join the Court's opinion.


DATE FILED: May 11, 2011
PUBLISH