IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,363






EX PARTE MICHAEL WAYNE BOHANNAN, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NUMBER C-1-008898-0201732-J 

IN THE CRIMINAL DISTRICT COURT NUMBER ONE

TARRANT COUNTY




 Keasler, J., filed a concurring opinion in which Price, Hervey, and
Cochran, JJ., joined. 


CONCURRING OPINION

 I join the Court's opinion . The Applicant's claim is non-justiciable, and a dismissal
of the application is warranted. The non-justiciability determination, however, does not leave
similarly situated individuals without a remedy. 

 A releasee is entitled to a prompt preliminary hearing once the revocation process has
been initiated by the execution of a revocation warrant. (1) Due process, according to the
Supreme Court of the United States in Morrissey v. Brewer, requires that a preliminary
hearing be held "as promptly as convenient" after a parolee has been arrested to "determine
whether there is probable cause or reasonable ground to believe that the arrested parolee has
committed acts that would constitute a violation of parole conditions." (2) Toward that end, the
Supreme Court has established the following guidelines:

 [T]he parolee should be given notice that the hearing will take
place and that its purpose is to determine whether there is
probable cause to believe he has committed a parole violation.
The notice should state what parole violations have been
alleged. At the hearing the parolee may appear and speak in his
own behalf; he may bring letters, documents, or individuals who
can give relevant information to the hearing officer. On request
of the parolee, a person who has given adverse information on
which parole revocation is to be based is to be made available
for questioning in his presence. (3)


 The Supreme Court has not made any exceptions to this rule; therefore, the foregoing
rule constitutes a ministerial duty. A prior probable cause determination by a magistrate
issuing an arrest warrant or a grand jury cannot satisfy the explicit procedural due process
requirements set out in Morrissey. Neither instance permits the releasee to respond to the
allegations, present evidence, or confront his or her accuser (if requested and no good cause
exists to deny this right). So although a final probable cause determination is the end result
in all three instances, the means used to make that assessment are materially different in the
preliminary hearing context. Thus, contrary to the assertion of the Texas Department of
Criminal Justice (TDCJ), as amicus curiae, such a hearing is not duplicative of any other
prior probable cause determination.

 The failure to comply with Morrissey violates a releasee's constitutional rights, and
our experience with this issue establishes that the Board, pursuant to the policies established
by the TDCJ, Parole Division, has violated, and continues to flagrantly violate, clearly
established constitutional law. Indeed, TDCJ has admitted as much: "there is no reasonable
expectation that the TDCJ will discontinue its policy of not providing a preliminary hearing
when a releasee is being held on pending criminal charges . . . ." This is patently
unacceptable. And if it "reasonably expects" to continue this policy, it does so at its peril.

 "Mandamus relief may be granted if the relator shows the following: (1) that the act
sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." (4) 
Because a claim challenging the Board's failure to provide a preliminary revocation hearing
is non-justiciable, Article 11.07 does not provide an adequate remedy at law for a releasee
to compel the Board to comply with its ministerial duty. But mandamus clearly does. And 
in response to any future alleged violations on mandamus, as time is of the essence, it may
be necessary and appropriate for TDCJ and the Board, through their legal representatives,
to appear before us in person to answer any allegation that Morrissey's mandate is being
disobeyed.

 With these comments, I join the Court's opinion. 


DATE FILED: May 11, 2011

PUBLISH 
1. Morrissey v. Brewer, 408 U.S. 471, 485-87 (1972); Moody v. Daggett, 429 U.S.
78, 86 n.7 (1976).
2. 408 U.S. at 485; see also Ex parte Cordova, 235 S.W.3d 735, 736 (Tex. Crim.
App. 2007) (per curiam). 
3. Morrissey, 408 U.S. at 486-87. 
4. Deleon v. Dist. Clerk, 187 S.W.3d 473 (Tex. Crim. App. 2006) (quoting Winters
v. Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim.
App. 2003)); see also Dickens v. Court of Appeals, 727 S.W.2d 542, 545 (Tex. Crim.
App. 1987) ("Under the Texas Constitution, this Court has been granted broad power to
issue writs of mandamus: 'Subject to such regulations as may be prescribed by law, the
Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ
of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo,
prohibition, and certiorari.'") (quoting Tex. Const. Art. V § 5).