

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-25,679-15

## IN RE ARTHUR DAVID LOWE, Relator

## ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 283709 IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam. Keller, P.J., and Alcala, J. dissent.*

## OPINION

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed a Motion to Obtain Writ of Second Time in the 228th District Court of Harris County, but the District Clerk refused to accept the motion for filing. We conditionally grant relief.

Relator contends that he attempted to file a Motion to Obtain Writ of Second Time, pursuant to article 11.59 of the Texas Code of Criminal Procedure, with the Harris County District Clerk, but the motion was refused and returned. After this Court abated Relator's mandamus application for a response from the district clerk, the clerk responded that it was unclear in which of the three previously filed writs Relator was attempting to file the motion.

The district clerk also responded that it appeared that Relator was challenging a final felony conviction pursuant to TEX. CODE CRIM. PROC. art. 11.07. It does appear as if Relator is attempting to circumvent the bar on subsequent applications, as codified in TEX. CODE CRIM. PROC. art. 11.07 § 4. Relator calls his pleading a Motion for a Writ of Second Time[1], but he is challenging a final, discharged conviction. However, whether a filing has merit is irrelevant to the district clerk's duty to receive and file all papers. *See* TEX. CODE CRIM. PROC. art. 2.21.

We will grant mandamus relief when a relator shows "(1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003). District and county clerks have a duty to "receive and file all papers." TEX. CODE CRIM. PROC. art. 2.21. The trial court certainly has no general ministerial duty to grant Relator's motion, but the district clerk does have a ministerial duty to "receive and file all papers" in a criminal proceeding. In Relator's case, the Harris County District Clerk has a ministerial duty to file Relator's motion. Because Relator has no right to appeal the District Clerk's refusal to file his Motion to Obtain Writ of Second Time, Relator has no other remedy at law.

We conditionally grant Relator's application for a writ of mandamus and direct the Harris County District Clerk to accept and file Relator's Motion to Obtain Writ of Second Time. Since Relator does not designate under which writ he wishes to file this motion, the Harris County District Clerk may file the motion under the writ number that is the most convenient for that office.

Following custom, we will withhold issuance of the writ and allow the District Clerk an

---

[1]A Motion for Writ of Second Time is a pre-trial motion that is generally filed when a Defendant's bail or bond reduction is denied. A trial court will holding a hearing on this type of motion when new evidence becomes available that was not available at the first hearing. *See* TEX. CODE CRIM. PROC. art 11.59.

opportunity to conform her actions to this opinion. Only if she refuses to file Relator's Motion for Writ of Second Time will the writ of mandamus issue. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 932 (Tex. Crim. App. 1994).

Relator shall file any supplemental information or habeas applications within 30 days of the issuance of this opinion.

Delivered: October 8, 2014
Do not publish