

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,568-02

### IN RE GABRIEL PAUL HALL, Relator

## ON MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF MANDAMUS IN CAUSE NO. 11-06185-CRF-272 IN THE 272ND JUDICIAL DISTRICT COURT BRAZOS COUNTY

*Per curiam*.

## O P I N I O N

Before the Court is Relator and Real Party in Interest Gabriel Paul Hall's Motion for Leave to File a Petition for Writ of Mandamus and the accompanying Petition. Respondent in this case is the Honorable J.D. Langley, the senior judge assigned to Hall's initial Article 11.071[1] writ proceedings which are currently pending before us in cause number WR-86,568-

---

[1] Unless we specify otherwise, all references to articles in this opinion refer to the Texas Code of Criminal Procedure.

01.[2] Hall asks that we grant him leave to file his mandamus petition. He further asks that we grant him mandamus relief by ordering Judge Langley to rule on the merits of Hall's "Motion to Find Applicant's Right to Due Process in [Initial Article 11.071] Proceeding Was Violated Due to Article 26.052 of the Texas Code of Criminal Procedure" ("Article 26.052 Motion"), filed in the trial court on March 16, 2023. For the reasons discussed below, we grant Hall's motion for leave to file his Petition, and we conclude that he has shown an entitlement to mandamus relief in this matter.

Article 26.052 sets out the statutory requirements for appointed trial and appellate counsel in death penalty cases. *See* Art. 26.052(d)(2). One of those requirements is that the attorney

> ha[s] not been found by a federal or state court to have rendered ineffective assistance of counsel during the trial or appeal of any capital case, unless the local selection committee determines under Subsection (n) that the conduct underlying the finding no longer accurately reflects the attorney's ability to provide effective representation[.]

Art. 26.052(d)(2)(C).

In his Article 26.052 Motion, Hall argues that, when a capital habeas applicant claims in an Article 11.071 application that his trial or appellate counsel rendered ineffective assistance, Article 26.052(d)(2)(C) deprives the applicant of due process. More specifically,

---

[2] Hall is an inmate in the custody of the Texas Department of Criminal Justice–Institutional Division pursuant to a 2015 capital murder conviction and death sentence for the murder of Edwin Shaar Jr. in the course of committing or attempting to commit burglary. This Court affirmed Hall's conviction and death sentence on direct appeal. *Hall v. State*, 663 S.W.3d 15 (Tex. Crim. App. 2021).

Hall posits that this subsection creates an incentive for an attorney accused of ineffectiveness to be less than candid about the quality of his representation if the attorney wishes to continue being appointed counsel in capital cases. In Hall's initial Article 11.071 habeas application, he alleges that his trial counsel, John Wright, was constitutionally ineffective. Hall emphasizes that the evidence adduced at the live evidentiary hearing on that habeas allegation shows that Wright wishes to be appointed as appellate counsel in future capital cases. Thus, Hall contends, Wright allegedly labors under an unconstitutional incentive to testify adversely to his former client. Halls asks the trial court to declare Article 26.052(d)(2)(C) unconstitutional on this basis.

In his Mandamus Petition, Hall argues that his Article 26.052 Motion is truly a motion, and that he presented it to the trial court (i.e., Judge Langley) in a timely and proper manner. Therefore, Halls contends, the trial court has a ministerial duty to rule on the motion, but it has declined to do so. Hall further asserts that he has no adequate remedy at law should the trial court continue its refusal to rule on the motion.

The habeas record in cause number WR-86,568-01 includes certain written findings of fact and conclusions of law that Judge Langley made regarding Hall's Article 26.052 Motion, as well as Judge Langley's written clarifications (requested by this Court) of certain language in those findings and conclusions. Also before us are supplemental findings of fact and conclusions of law that Judge Langley entered in response to our invitation for him to

respond to Hall's motion for leave to file a mandamus petition.[3]

Based on the above-mentioned findings of fact and conclusions of law, we understand Judge Langley to take the position that the Article 26.052 Motion is actually an untimely attempt by Hall to amend his initial Article 11.071 habeas application to raise an entirely new claim attacking Article 26.052(d)(2)(C) on due process grounds. This position is generally consistent with the stance that the State took at a trial court hearing concerning Hall's Article 26.052 Motion. Judge Langley's further position, as we understand it, is that the Article 26.052 Motion should therefore be dismissed.[4]

But we disagree that Hall's Article 26.052 Motion is an untimely amended or subsequent habeas application. To constitute a habeas application under Article 11.071, the application "must seek relief from a judgment imposing a penalty of death." *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) (internal quotation marks omitted). As we have explained,

> [a] death penalty "writ" that does <u>not</u> challenge the validity of the underlying judgment and which, even if meritorious, would not result in immediate relief from [an applicant's] capital murder conviction or death sentence, is not an

---

[3] We also invited the State to respond to Hall's motion for leave to file a mandamus petition. To date, the State has not done so.

[4] Under Article 11.071, Section 5(f), the trial court shall treat an untimely amended or supplemental application as a subsequent application under Article 11.071, Section 5. Article 11.071, Section 5(b) instructs a trial court that receives a subsequent application to forward that application to this Court for us to determine whether it meets any of the exceptions (set forth in Article 11.071, Section 5(a)) to the statutory bar on subsequent writ applications. Thus, if Hall's Article 26.052 motion is an untimely amended initial or subsequent application, the appropriate response of the trial court would be to forward Hall's filing to this Court for a Section 5(a) determination.

"initial application" for purposes of [Article 11.071, Section 5] which generally bars consideration of a subsequent writ after filing the "initial application."

*Id.*

Hall's Article 26.052 Motion, if granted by the trial court, would result in the trial court declaring Article 26.052(d)(2)(C) unconstitutional on due process grounds. But that victory would not provide Hall with immediate relief from his capital murder conviction or death sentence. Accordingly, Hall's Article 26.052 Motion is not properly construed as an untimely attempt to amend his initial Article 11.071 habeas application or as a subsequent application. *See Kerr*, 64 S.W.3d ast 419.

Having determined that Hall's Article 26.052 Motion is actually a motion rather than an untimely amended initial or subsequent habeas application, the remaining question before us is whether Hall has shown that he is entitled to a writ of mandamus. Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) no adequate remedy at law exists. *Winters v. Presiding Judge of Crim. Dist. Ct Number Three of Tarrant County*, 118 S.W.3d 773, 775–76 (Tex. Crim. App. 2003). Additionally, the relator must have a "clear right to the relief sought," meaning that the merits of the relief sought are "beyond dispute." *Id*. As we stated in *In re McCann*, "[t]o show 'a clear right to the relief sought,' a relator must show that the facts and circumstances of the case 'dictate but one rational decision 'under unequivocal, well-settled ... and clearly controlling legal principles.'"" 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (citing *In re*

*State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). The clear-legal-right requirement necessitates that the law plainly describes the duty to be performed, such that there is no room for the exercise of discretion. *Winters*, 118 S.W.3d at 775–76. Because this is a death penalty case, the mandamus action is properly filed directly in this Court instead of the intermediate appellate court. *See In re McCann*, 422 S.W.3d at 704.

Hall has satisfied the first requirement for mandamus relief. We have said that a trial court has a ministerial duty to rule upon a properly filed and timely presented motion, although it generally has no ministerial duty to rule a certain way on that motion.[5] *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals At Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Hall has also satisfied the second requirement for relief by showing that he has no adequate remedy at law. The trial court's failure to rule on Hall's Article 26.052 Motion is not appealable. Hall's inability to appeal leaves him with no adequate remedy at law. *Winters*, 118 S.W.3d at 775.

We conditionally grant relief and direct Respondent to rule on the merits of Hall's Article 26.052 Motion. The writ of mandamus will issue only in the event that Respondent fails to comply within fifteen (15) days of the date of this opinion.

---

[5] Hall acknowledges that a trial court generally has no ministerial duty to rule on a motion in a certain way, and he does not argue that his Article 26.052 Motion constitutes one of the rare exceptions to this general rule. *See In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (explaining that "[i]t is proper to order a court to rule a particular way only when the law invoked is 'definite, unambiguous, and unquestionably applies to the indisputable facts of the case'").

IT IS SO ORDERED THIS THE 20th DAY OF DECEMBER, 2023.

Do Not Publish