

**IN THE
TENTH COURT OF APPEALS**

**No. 10-24-00102-CR**

**IN RE MITCHELL DEAN COCHRAN**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-20-C2**

**MEMORANDUM OPINION**

Relator filed a petition for writ of mandamus asking this Court to compel Judge

Susan Kelly, District Judge of the 54th Judicial District Court of McLennan County, Texas,

to vacate certain orders regarding his motions for appointment of habeas counsel and to

compel his trial attorney to provide his client file.[1]  *See* TEX. R. APP. P. 52.  Relator also

asks us to reverse an order signed by Judge Dib Waldrip, Presiding Judge of the Third

Administrative Judicial Region of Texas, denying Relator's motion to recuse Judge Kelly.

We deny Relator's petition for writ of mandamus.

---

[1] On April 16, 2015, this Court affirmed the trial court's judgments of Relator's underlying convictions on direct appeal.  *See Cochran v. State*, No. 10-14-00013-CR, 2015 Tex. App. LEXIS 3860, at *7 (Tex. App.—Waco Apr. 16, 2015, pet. ref'd) (mem. op.) (not designated for publication).

APPLICABLE LAW

To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he has no other adequate remedy at law, and (2) the act sought to be compelled is ministerial. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). A court has a ministerial duty to rule on a properly filed and timely presented motion, although it generally has no ministerial duty to rule a certain way on that motion. *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015). An act is ministerial if the relator can show a "'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'" *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (internal citations omitted).

DISCUSSION

**Judge Kelly's Orders**

Relator alleges that Judge Kelly signed orders on or about December 6, 2023 that denied his "Motion to Compel Production and Delivery of the Attorney-Client File with Incorporated Motion Upon the State of Texas to Show Cause with Additional Orders for Production and In Camera Reviews" and "Motion for Appointment of Counsel." He asserts that Kelly's orders should be vacated because they are "void for illegality" because they "overrule or circumvent the precedential holdings" that the client's file belongs to the client. *See id*.

We first note that Relator has the burden to provide this Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7. Specifically, Relator is required to file with his petition a certified or sworn copy of every document

that is material to the claim for relief, including any order complained of. *See* TEX. R. APP. P. 52.7(a)(1) (relating to necessary documents to be included in the record), 52.3(k)(1)(A) (relating to necessary documents to be included in the appendix). Though Relator provided copies of his aforementioned motions in an appendix attached to his mandamus petition, he did not provide this Court with a copy, certified or otherwise, of any of the complained-of orders signed by Judge Kelly.

Further, Relator has failed to show that Judge Kelly's rulings on his motions are ministerial and "dictate but one rational decision." *See Weeks*, 391 S.W.3d at 122. Regarding his motion to compel production of his client file, Relator included in his appendix two letters from trial counsel, which were also attached to his motion in the trial court. In these letters, trial counsel explains that he provided Relator's entire client file to Relator's appellate counsel and permitted other representatives and agents of Relator to review the client file, per Relator's written requests. Counsel also explains his position as to why he could not provide copies of discovery obtained from the McLennan County District Attorney's Office directly to Relator and states that he conferred with an ethics attorney for the State Bar of Texas to confirm that his position was correct.[2] We do not know why the trial court denied Relator's motion to compel production of his client file; however, the merits of the relief sought are not "beyond dispute."

---

[2] Relator's underlying criminal charges pre-date the applicability of Texas Code of Criminal Procedure Article 39.14(f), which specifically prohibits trial counsel from providing to the defendant any copies of the discovery provided by the State, other than a copy of the defendant's own statement. *See* TEX. CODE CRIM. PRO. ANN. art. 39.14(f). This provision applies only to the prosecution of an offense committed on or after January 1, 2014.

Regarding his motion for appointment of counsel, Relator requested appointment of counsel pursuant to Texas Code of Criminal Procedure Article 1.051(d)(3) to pursue a writ of habeas corpus. *See* TEX. CODE CRIM. PRO. art. 1.051(d)(3). Appointment is permitted pursuant to this provision "if the court concludes that the interests of justice require representation." *See id*. "The clear-legal-right requirement necessitates that the law plainly describes the duty to be performed, such that there is no room for the exercise of discretion." *Winters v. Presiding Judge of the Crim. Dist. Ct. No. Three*, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003). The trial court's determination of whether to appoint counsel pursuant to this provision is discretionary, not ministerial.

Thus, the acts sought to be compelled by Relator are not ministerial in nature. Accordingly, we deny Relator's request for mandamus relief on his first issue.

## Judge Waldrip's Order

After Judge Kelly denied Relator's motions, he asserts that he filed a motion for new trial as well as a motion to recuse Judge Kelly from presiding over the new trial. *See* TEX. R. CIV. P. 18a. The appendix filed by Relator does not include a copy of these motions; however, the appendix reflects that Relator's recusal motion was considered by the Honorable Judge Dib Waldrip. Judge Waldrip summarily denied the motion for recusal for failure to strictly comply with Texas Rule of Civil Procedure 18a and failure to sufficiently state a proper ground of recusal pursuant to Texas Rule of Civil Procedure

18b(b).[3] *See id.* at 18a, 18b(b). He also provided findings of fact and conclusions of law supporting his decision. Judge Waldrip concluded that Relator's verification was insufficient, that the motion was untimely filed, and that many of the allegations within the motion and attached affidavit were based on inadmissible hearsay such that Relator failed to establish a prima facie case of the grounds alleged. *See id.* at 18a(a)(4)(A), 18a(a)(4)(B), 18a(b)(1)(B), 18b(b)(1), 18b(b)(2).

The denial of a motion to recuse may be reviewed only for an abuse of discretion by appeal from the final judgment. *See id.* at 18a(j)(1). Nonetheless, mandamus relief may be available when a judge whom the party seeks to recuse refuses either to recuse or to refer the motion to the administrative judge. *See id.* at 18a(f)(1); *see also In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Based on the information provided by Relator, his motion to recuse was referred to the administrative judge, reviewed, and subsequently denied. Relator has failed to show that he had no adequate remedy at law through direct appeal to complain about the denial of his motion to recuse.[4]

We therefore deny Relator's petition for writ of mandamus.

---

[3] Judge Waldrip denied the motion without oral hearing, as permitted by Texas Rule of Civil Procedure 18a(g)(3)(A) when a motion does not comply with the requirements of Rule 18a. *See* TEX. R. CIV. P. 18a(g)(3)(A).

[4] Relator relies upon Texas Rule of Civil Procedure 18a(j)(2) to support his pursuit of mandamus relief on this issue. *See* TEX. R. CIV. P. 18a(j)(2). Mandamus review pursuant to Rule 18a(j)(2) applies to rulings on motions to disqualify, not motions for recusal. *See id.* As noted, we do not have copy of Relator's motion. However, according to Judge Waldrip's Findings of Facts and Conclusions of Law, Relator alleged grounds for recusal under Rule 18b(b)(1) & (2), not grounds for disqualification under Rule 18b(a).

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Davis,[5] and
    Justice Smith
Petition denied
Opinion delivered and filed September 12, 2024
[OT06]



---

[5] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

In re Cochran                                                                                          Page 6